UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-00790-JVS (MLGx) | Date | January 3, 2011 |
| Title | Ernest Michael Bakenie v. JP Morgan Chase Bank, N.A., et al. | | |

| | |
|---|---|
| Present: The Honorable | James V. Selna |

| | |
|---|---|
| Karla J. Tunis | Sharon Seffens |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| No Appearance | No Appearance |

**Proceedings:** Defendants' Motion to Dismiss 1st Amended Complaint (Fld 11-24-10)

**Cause called. The Court notes that there is no appearance on behalf of any party in this action. The Court's tentative ruling was issued. The Court GRANTS IN PART AND DENIES IN PART the defendant's motion and rules in accordance with the tentative ruling as follows:**

This action arises out of plaintiff's default on his home mortgage. He sues his original mortgage company and the trustee of the trust into which his mortgage was "bundled" to facilitate investors' purchase thereof. Defendants have moved to dismiss all claims. Plaintiff has filed a timely opposition.

I.   Factual Allegations

Plaintiff makes allegations regarding the secondary market for home mortgages. FAC ¶¶ 8. Essentially, plaintiff describes the process as follows: Mortgages are bundled into trusts for purchase of beneficial interest in shares by investors in accordance with a "Pooling and Servicing Agreement" or "PSA". FAC ¶¶ 8-9. PSAs are generally publicly available through the Security and Exchange Commission's web site. FAC ¶ 9. The PSA sets a Cut Off Date by which a final list of all the mortgages in the "bundle," or trust, is set out. FAC ¶ 10. The original mortgagor sells the bundle to a "depositor," which sells to a "seller," which sells to an "underwriter," which issues certificates or bonds evidencing individual investors' beneficial interest in the trust. FAC ¶ 11. Rather than immediately recording the transfer of the owner of the deeds of trust as to all the property securing the mortgages, most trusts include blank assignments, to be recorded only "in the event recordation is necessary in connection with the servicing of the a [m]ortgage." FAC ¶ 13. This results in servicing of mortgages by the originating mortgagor, with the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-00790-JVS (MLGx) | Date | January 3, 2011 |
| Title | Ernest Michael Bakenie v. JP Morgan Chase Bank, N.A., et al. | | |

mortgagees not realizing the transfer of ownership until after they file bankruptcy and an entity other than the originating mortgagor files for relief from the automatic stay. FAC ¶¶ 6, 16. Trustees eventually discovered that the unrecorded assignments could not be located or were ineffective; they attempted to remedy this problem by recording assignments dated years after the actual transfer date. FAC ¶¶ 17-18. This date was often after mortgagors defaulted under the terms of their mortgages, causing courts to question why a trust would voluntarily acquire such an in-arrears mortgage. FAC ¶¶ 24-27.

Plaintiff refinanced his residence on July 1, 2006, through JPMorgan Chase Bank, N.A. ("Chase"), secured by a Deed of Trust on the property. ¶ 47. The Notice of Right to Cancel provided to plaintiff did not set forth the date on which the rescission period expired. ¶ 48. The Truth in Lending Act ("TILA") disclosure provided to plaintiff understated the amount of Finance Charges by $1,148.01. FAC ¶ 49. On or about August 28, 2006, plaintiff executed a second mortgage on his residence, secured by a second Deed of Trust in favor of Flagstar Bank. FAC ¶ 51.

Plaintiff's mortgage was subject to a PSA that required Chase to transfer it to Chase Mortgage Finance Corporation ("the Depositor"). FAC ¶¶ 52-53. The Depositor was, in turn, required to transfer ownership in the mortgage to J.P. Morgan Mortgage Acquisition Corporation ("the Seller"). FAC ¶ 54. The Seller was obligated to transfer the mortgage to defendant U.S. Bank, N.A. ("U.S. Bank") FAC ¶¶ 38, 55. Pursuant to the PSA, Chase, although identified as "the servicer, originator[,] and custodian of records for the . . . trust," no longer owned the mortgage. FAC ¶ 56.

Following job loss and a motorcycle accident, plaintiff defaulted on both mortgages in early 2009. FAC ¶ 59. Thereafter, Chase, representing it owned the note and attempting to collect the debt on its own behalf, began collection activity, including phone calls and letters demanding payment on the note. FAC ¶ 60.

A Notice of Default and Election to Sell under Deed of Trust ("NOD") was recorded on April 22, 2009. FAC ¶ 62. The NOD identifies U.S. Bank as the Trustee and as the entity plaintiff should contact to "find out the amount [he] must pay, or [to] arrange for payment to stop the foreclosure." FAC ¶ 63.

Both Chase and U.S. Bank continued to represent in their collection letters and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-00790-JVS (MLGx) | Date | January 3, 2011 |
| Title | Ernest Michael Bakenie v. JP Morgan Chase Bank, N.A., et al. | | |

phone calls that each owned the mortgage and that each was attempting to collect the debt on its own behalf. FAC ¶ 65.

On or about June 9, 2009, plaintiff signed the original "Notice to Cancel" form provided by Chase and transmitted it to Chase. FAC ¶ 68. Chase did not acknowledge or dispute plaintiff's claim of rescission within 20 days, nor did it calculate or demand a "tender" amount. FAC ¶ 69.

On or about July 28, 2010, Chase recorded its Assignment of Deed of Trust, naming U.S. Bank as the trustee. FAC ¶ 72.

Plaintiff filed Chapter 7 bankruptcy petition on August 13, 2009. FAC ¶ 74. The parties engaged in a number of proceedings regarding the property, but in the end, the bankruptcy trustee "abandoned all claims [regarding the residence] to the Plaintiff and filed a no asset report." FAC ¶¶ 73-92.

II.     Requests for Judicial Notice

Both sides have requested the Court take judicial notice of certain documents. Pursuant to Federal Rule of Evidence 201, "[a] court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). An adjudicative fact may be judicially noticed if it is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Thus, a court "may take judicial notice of matters of public record, including duly recorded documents, and court records available to the public . . . ." C.B. v. Sonora Sch. Dist., 691 F.Supp.2d 1123, 1138 (E.D. Cal. 2009); see also Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of state court opinion).

Thus, the Court take judicial notice of the following adjudicative facts:

- Deed of Trust as to plaintiff's residence, recorded July 7, 2006, in favor of Chase as "lender" and with plaintiff listed as the "borrower." (Defs.' Req. for Judicial Notice, Docket No. 24 ("Defs.' RJN"), Ex. 1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-00790-JVS (MLGx) | Date | January 3, 2011 |
| Title | Ernest Michael Bakenie v. JP Morgan Chase Bank, N.A., et al. | | |

- Home Equity Line of Credit Deed of Trust as to plaintiff's residence, recorded August 11, 2006, in favor of Flagstar Bank, FSB, and with plaintiff listed as the "borrower." (Defs.' RJN Ex. 2.)

- A Notice of Default and Election to Sell Under Deed of Trust ("NOD"), dated April 21, 2009, recorded by Northwest Trustee Services on behalf of U.S. Bank, "as trustee for Chase Mortgage Finance Trust Series [illegible]." (Defs.' RJN Ex. 3.)

- An Assignment of Deed of Trust, prepared the same day as the NOD, executed on behalf of Chase and transferring its interest to U.S. Bank. (Defs.' RJN Ex. 4.) The assignment was not recorded until July 28, 2009, Defs.' RJN at 2, after foreclosure proceedings, in the form of the NOD, had been initiated.

- A Substitution of Trustee, prepared the same day as the NOD and the Assignment, substituting U.S. Bank for United Title Company as the trustee for the Deed of Trust. (Defs.' RJN Ex. 5.) The substitution was not recorded until July 28, 2009, Defs.' RJN at 2, after foreclosure proceedings, in the form of the NOD, had been initiated.

- A Notice of Trustee's sale, scheduled for August 14, 2010, was recorded on or about July 28, 2009. (Defs.' RJN at 2; Ex. 6.)

- A Notice of Motion and Motion for Relief from the Automatic Stay provision, filed on December 15, 2009, after the recordation of the assignment to U.S. Bank, in plaintiff's bankruptcy action, on behalf of Chase (who was not the legal or beneficial owner). (Pltf.'s Req. for Judicial Notice, Docket No. 32 ("Pltf.'s RJN"), Ex. D.)

### III. Plaintiff's Claims

On these factual allegations and judicially noticed facts, plaintiff brings the following claims against Chase (the mortgage originator) and U.S. Bank (the trustee): (1) Claim for damages for violation of and for rescission pursuant to the Truth-in-Lending Act ("TILA"), specifically, 15 U.S.C. § 1635 and TILA's implementing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-00790-JVS (MLGx) | Date | January 3, 2011 |
|---|---|---|---|
| Title | Ernest Michael Bakenie v. JP Morgan Chase Bank, N.A., et al. | | |

regulation 12 C.F.R. §§ 226.1 et seq. ("Reg Z"); (2) violation of Cal. Bus. & Profs. Code. § 17200 (California's unfair competition law, or "UCL") (based on the after-the-fact recordation of assignments); and (3) violation of Fair Debt Collection Practices Act, 15 U.S.C. § 1692e ("FDCPA") and its California state-law analog, the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 et seq. ("RFDCPA") (based on collection activities by defendants at times when they did not own plaintiff's mortgage).

IV.     Standard for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

Defendants move to dismiss all claims for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Rule 12(b)(6), a plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

In resolving a Rule 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. Nor must the Court "accept as true a legal conclusion couched as a factual allegation." Id. at 1949-50 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 1950. This determination is context-specific, requiring the Court to draw on its experience and common sense; there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

V.     Initiation of Foreclosure Proceedings Prior to Recordation of Assignment and
        Substitution of Trustee

As to all causes of action, plaintiff's arguments in opposition to the present motion are dependent upon his observation that the recordation of the assignment and substitution of trustee in July 2009 is inconsistent with the obligations set forth in the relevant PSA, which clouds the chain of title and justifies denial of the present motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 10-00790-JVS (MLGx)                    Date  January 3, 2011

Title    Ernest Michael Bakenie v. JP Morgan Chase Bank, N.A., et al.

In plaintiff's view, use of these "fabricated" recordations "facilitate[s] Relief from the [bankruptcy law automatic] [s]tay and non-judicial foreclosure." Opp'n at 17.

Before separately analyzing whether each cause of action states a claim upon which relief can be granted, the Court first addresses this generally applicably argument. In support of the argument that "the mere recording of an assignment of a deed of trust without a conveyance of a note is a legal nullity," plaintiff relies on Cal. Comm. Code § 1201(b)(21) and § 3301. Opp'n at 9. Plaintiff contends that pursuant to these provisions, California law requires the "endorsement, delivery[,] and acceptance of a mortgage note . . . to convey ownership of a mortgage note," and that only a "person entitled to enforce" the mortgage note may "initiate non-judicial foreclosure." Opp'n at 10.

Section 3301 defines a "'[p]erson entitled to enforce' an instrument" as "the holder of the instrument," "a nonholder in possession of the instrument who has the rights of a holder, or . . . a person not in possession of the instrument who is entitled to enforce the instrument" under certain circumstances. Id. Similarly, § 1201(b)(21) defines "holder" as "(A) the person in possession of a negotiable instrument that is payable either to bearer or, to an identified person that is the person in possession; or (B) the person in possession of a document of title if the goods are deliverable either to bearer or to the order of the person in possession." Id.

Plaintiff's reliance these provisions in support of his claims is misplaced. There is no requirement under California law that requires the foreclosing party be in possession of the original promissory note. Pursuant to Cal. Civil Code § 2924, physical possession of the note is irrelevant. Id. (providing that "[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents" may commence the nonjudicial foreclosure process by recording and servicing a notice of default). The Court discerns no requirement that any of the entities involved in the foreclosure process must physically possess the note secured by the deed of trust or that any of them be a "person entitled to enforce" the note under Cal. Com. Code § 3301 or a "holder" pursuant to Cal. Com. Code 1201(21). Indeed, California courts have held that although § 3301 generally governs negotiable instruments, it has no force in the context of nonjudicial foreclosures under deeds of trust. See e.g., Moeller v. Lien, 25 Cal. App.4th 822, 834 (1994) ("The comprehensive statutory framework established [by the California Civil Code] to govern nonjudicial foreclosure sales is intended to be exhaustive.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-00790-JVS (MLGx) | Date | January 3, 2011 |
| Title | Ernest Michael Bakenie v. JP Morgan Chase Bank, N.A., et al. | | |

Federal courts throughout California, applying California law, have so concluded regarding § 3301. See, e.g., Pok v. American Home Mortg. Servicing, Inc., No. 2:09-2385 WBS EFB, 2010 WL 476674, at *7 (E.D.Cal. Feb.3, 2010) ("[S]ection 3301 reflects California's adoption of the Uniform Commercial Code, and does not govern non-judicial foreclosures, which is governed by California Civil Code section 2924); Gaitan v. Mortgage Electronic Registration Systems, No. 09-1009 VAP (MANx), 2009 WL 3244729, at * 10 (C.D. Cal. Oct. 5, 2009) (same); Putkkuri v. ReconTrust Co., No. 08-1919, 2009 WL 32567, at *2 (S.D. Cal. Jan.5, 2009) ("Pursuant to section 2924(a)(1) of the California Civil Code, the trustee of a Deed of Trust has the right to initiate the foreclosure process. Production of the original note is not required to proceed with a non-judicial foreclosure.") (internal citation omitted); Pagtalunan v. Reunion Mortgage Inc., No. 09-162, 2009 WL 961995, at *2 (N.D. Cal. Apr.8, 2009) ("California law does not require possession of the note as a precondition to non-judicial foreclosure under a deed of trust."). The same rationale extends to § 1201(21). See Benham v. Aurora Loan Services, No. 09-2-59 SC, 2010 WL 532685, at *2(N.D. Cal. Feb. 9, 2010) ("Plaintiff's allegations with respect to sections 1201(21) [and] 3301 . . . relate to Plaintiff's repeated arguments that only an entity in possession of a promissory note . . . has a right to enforce that promissory note. . . . These general statutes do not govern nonjudicial foreclosure sales.") (relying on Moeller, 25 Cal. App.4th at 834).

Thus, to the extent plaintiff's arguments are derivative of this central tenet, they fail to persuade the Court.

VII. **First Cause of Action: TILA Claim**

    A.    **Rescission**

Plaintiff alleges he filled out the Notice to Cancel and sent it to Chase, in June 2009, "intiating his right to rescind the subject loan pursuant to [TILA and Reg Z.]" FAC ¶¶ 68-69. The former clause, that plaintiff filed out a form, is a factual allegation, which, for present purposes, the Court assumes is true. The latter clause, that he initiated the right to rescind, is a legal conclusion, which the Court does not accept as true.

Here, the purported rescission is ineffective for failure to tender the amount due under the mortgage. Rescission is an equitable doctrine. A court may find that a claim for rescission requires a plaintiff to allege that the plaintiff can or will tender the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-00790-JVS (MLGx) | Date | January 3, 2011 |
| Title | Ernest Michael Bakenie v. JP Morgan Chase Bank, N.A., et al. | | |

borrowed funds back to the lender. See Yamamoto v. Bank of New York, 329 F.3d 1167, 1171 (9th Cir. 2003); Am. Mortgage Network v. Shelton, 486 F.3d 815, 821 (4th Cir. 2007) ("The equitable goal of rescission under TILA is to restore the parties to the 'status quo ante.'") (citations omitted). Plaintiff has not done so.

Instead, plaintiff, without elaboration, in averments devoid of meaningful factual allegations and heavy on unsupported legal conclusions, values the mortgage at $200,00 less than the original amount, and conclusorily alleges that because his "income has increased since the filing of [the bankruptcy action,]" he has the "ability to tender the lump sum, reorganize his debts in Chapter 11 or to refinance." FAC ¶ 117; compare Pltf.'s RJN Ex. B (showing loan amount as $1.17 million) with FAC ¶ 116 ("Having failed to dispute the rescission claim within 20 days of receipt of the Notice to Cancel, Chase has a statutory obligation to calculate the tender amount and provide Plaintiff[] with the reasonable opportunity to pay the reduced amount. That . . . calculation of the tender amount contemplated in TILA effectively reduces the CHASE claim by approximately $200,000). This offer to tender back the amount due is deficiently pleaded. It is devoid of factual allegations regarding his ability to tender the lump sum due, and the allegations that he could "reorganization his debts" or "refinance" are speculative at best.

The Court therefore grants the Motion to Dismiss as to the TILA rescission claim, dismissing the claim without prejudice.

    B.    Claim for Damages

Plaintiff's TILA claim for damages is time barred. An action for damages under TILA generally must be brought within one year of the alleged violation. 15 U.S.C. § 1640(e); see also King v. California, 784 F.2d 910, 915 (9th Cir. 1986) (holding that "the limitation period in Section 1640(e) runs from the date of consummation of the transaction").

The Court grants the Motion to Dismiss as to the TILA claim for damages, dismissing the claim without prejudice.

VI.    Second Cause of Action: Cal. Bus. & Profs. Code §§ 17200 et seq.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 10-00790-JVS (MLGx)　　　　Date　January 3, 2011

Title　　Ernest Michael Bakenie v. JP Morgan Chase Bank, N.A., et al.

　　A.　Standing

　　Defendants challenge plaintiff's standing to bring his § 17200 claim. Plaintiff's response is conclusory and does not address the merits of defendants' challenge to his standing. See Opp'n at 27 ("[T]here is a genuine issue of fact as to whether US BANK caused damages or injury to Plaintiff when it wrongfully initiated a non-judicial foreclosure at a time when US BANK did not hold the mortgage Note. Plaintiff therefore has properly pled standing.").

　　The UCL provides a private right of action only for plaintiffs who have "suffered injury in fact and [have] lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. Plaintiff alleges that as a result of defendants' practice of making the after-the-fact recordations of assignments and substitutions of trustees on an "as-needed" basis, he "has been forced to expend money to defend [against a] wrongful foreclosure[,] . . . has . . . incur[red] attorney fees, . . . has been forced to litigate the validity of the assignment, [and] has suffered a loss in the value of his real property as a result of the publication of a wrongful foreclosure." FAC ¶ 25.

　　Plaintiff has alleged and has presented judicially noticeable facts that show that, in the related bankruptcy action, seeking relief from the automatic stay, Chase initially took the position that it was the holder of the note — a position that was later recanted after further proceedings. See FAC ¶¶ 76, 88; see generally FAC ¶¶ 73-94. Thus, it is reasonable to infer, at the pleadings stage that, due to the "as-needed" recordation practice, Chase either intentionally (to conceal the existence of this practice) or mistakenly (because of its own unclear internal record or possibly a failure to communicate the assignment to its lawyers handling the bankruptcy action), but certainly erroneously, represented to the Bankruptcy Court that it was the proper party to seek relief from the automatic stay. It is equally reasonable to infer that this action complicated the bankruptcy proceedings, which certainly can tend to increase the costs associated therewith.

　　Therefore, the Court concludes plaintiff has established standing to assert his UCL claim. The question remains, however, whether he has stated a claim under the UCL.

　　B.　Unlawful, Unfair, and Fraudulent Business Practices

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-00790-JVS (MLGx) | Date | January 3, 2011 |
|---|---|---|---|
| Title | Ernest Michael Bakenie v. JP Morgan Chase Bank, N.A., et al. | | |

The UCL prohibits "unlawful, unfair or fraudulent business act[s] or practice[s]" and "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. A plaintiff may pursue a UCL claim under any or all of three theories: the "unlawfulness," "fraudulent," or "unfairness" prongs. South Bay Chevrolet v. General Motors Acceptance Corp., 72 Cal. App. 4th 861, 878 (1999).

First, the UCL prohibits "unlawful" practices that are forbidden by any law. Saunders v. Superior Court, 27 Cal. App. 4th 832, 838 (1994). The statute "borrows" violations of other laws and treats them as actionable. Cel-Tech Commc'ns v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999).

Plaintiff views the after-the-fact recordation as sinister, labeling it as "perjury" and relying on this as an underlying violation of the law. FAC ¶ 131. Defendants do not address whether perjury may serve as the underlying basis for a UCL "unlawful" claim, see Mot. at 12, and the Court therefore assumes that it can. Elsewhere, plaintiff contends that he bases this UCL claim under this prong on the other claims asserted in the FAC. Plaintiff's other claims, dismissed herein, cannot form the basis of his UCL claim.

Based on plaintiff's allegations defendants engaged in perjury, the Court denies the motion to dismiss the UCL claim under this prong.

Second, a fraudulent business practice is one that is likely to deceive the public and a claim under this prong may be based on representations that are untrue. McKell v. Washington Mut., Inc., 142 Cal. App. 4th 1457, 1471 (2006). Claims under this prong of the UCL must be pleaded with particularity pursuant to Fed. R. Civ. P. 9(b). See Kearns v. Ford Motor Co., 567 F.3d 1120, 1122 (9th Cir. 2009) (applying Rule 9(b) standard to UCL claims). Thus, allegations of fraud underlying a UCL claim "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A plaintiff must allege particular facts explaining the circumstances of the fraud, "including time, place, persons, statements made[,] and an explanation of how or why such statements are false or misleading." Baggett v. Hewlett-Packard Co., 582 F. Supp. 2d 1261, 1265 (C.D. Cal. 2007). The circumstances of the alleged fraud must be specific enough "to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Vess, 317 F.3d at 1106 (internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-00790-JVS (MLGx) | Date | January 3, 2011 |
| Title | Ernest Michael Bakenie v. JP Morgan Chase Bank, N.A., et al. | | |

    Plaintiff has identified the alleged misstatements with sufficient particularity. He alleges with specificity the FAC that defendants misrepresented the actual dates of the transfer of ownership on the recordations regarding his property. FAC ¶¶ 52-58. Likewise, by alleging that this occurred in conformity with standard operating procedure, FAC ¶¶ 3, 7-16, 20-21, he has pled a practice that is likely to deceive the public. By engaging in a wide-spread practice of not notifying property owners of changes to the actual legal owner of the deeds of trust to property owners whose mortgages are bundled and sold to investors, defendants will cause a number of property owners will continue to operate under the assumption that their mortgages continue to be owned by their original mortgage companies.

    The Motion to Dismiss the UCL claim under this prong is denied.

    "Unfair" means "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." Cel-Tech Commc'ns, 20 Cal. 4th at 187. Plaintiff makes only generalized arguments regarding how defendants who engage in this after-the-fact, as-needed recordation have a competitive advantage over competitors who perfect the chain of title consistently, none of which are alleged in the FAC, and none of which, if they were alleged, would meet the pleadings standard for this type of UCL claim. Generally, antitrust law prohibits agreements that restrain trade, monopolization, and acquisitions that substantially lessen competition. See, e.g., 15 U.S.C. § 1(contract, combinations, and conspiracies that unreasonably restrain trade), § 2 (prohibiting monopolization), and § 7 (prohibiting acquisitions that substantially lessen competition). The Court is aware of antitrust laws prohibiting or regulating cost-cutting measures within organizations that may have the effect of decreasing an organization's costs, affording them what could be described as a competitive advantage.

    The Court dismisses the claim under this prong without prejudice.

VII.   Third Cause of Action: Fair Debt Collection Acts Claims

    Defendants' actions in engaging in the non-judicial sale pursuant to a deed of trust is not actionable under either the FDCPA or the RFDCPA. See Hulse v. Ocwen Federal Bank, 195 F.Supp.2d 1188, 1204 (D. Or. 2002) ("foreclosing on the property pursuant to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-00790-JVS (MLGx) | Date | January 3, 2011 |
| Title | Ernest Michael Bakenie v. JP Morgan Chase Bank, N.A., et al. | | |

a deed of trust is not the collection of a debt within the meaning of the FDCPA"); Swanson v. EMC Mortg. Corp., No. CV-F-09-1507 LJO DLB, 2009 WL 3627925, at *4 (E.D. Cal. Oct. 29, 2009) (foreclosure pursuant to a deed of trust is not "debt collection" under the RFDCPA).

However, plaintiff alleges that defendants engaged in other collection activity as well. See, e.g., FAC ¶ 65 (referring to "collection letters and phone calls"). Nevertheless, plaintiff still fails to state a claim because he fails to set forth factual allegations that tend to establish that defendants fall into the statutory definition of "debt collector," which would subject them to the provisions of both the federal and state FDCPAs.

Specifically, to be held liable for violation of the FDCPA, a defendant must fall within the Act's definition of "debt collector." See Heintz v. Jenkins, 514 U.S. 291, 294 (1995). The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Thus, a "debt collector" under the FDCPA is either (1) "a person" the "principal purpose" of whose business is the collection of debts (whether on behalf of himself or others); or (2) "a person" who "regularly" collects debts on behalf of others (whether or not it is the principal purpose of his business).[1]

Plaintiff does not set forth factual allegations suggesting that either defendant falls into the first category; neither defendant is alleged to be in the business of collecting debts as its principal purpose. Neither does plaintiff set forth factual allegations suggesting that defendants fall into the second category. Instead, plaintiff alleges that each defendant attempted to collect on a debt that was not their own, at times,

---

[1] The state law analog of the FDCPA is in accord, defining "debt collector" as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ. Code, § 1788.2(c). Therefore, the Court's discussion regarding plaintiff's failure, pursuant to the FDCPA, to plead that defendants are "debt collectors" applies equally to the state-law claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-00790-JVS (MLGx) | Date | January 3, 2011 |
| Title | Ernest Michael Bakenie v. JP Morgan Chase Bank, N.A., et al. | | |

representing that it was. See FAC ¶¶ 139-47 (Chase engaged in collection activity when it was not authorized to do so, at times representing it was the servicer or owner of the mortgage note); FAC ¶¶ 148-53 (US Bank engaged in collection activity during a time when it did not own the note and was not authorized to act as a servicer of the note).

These claims are dismissed without prejudice.

VIII.  Conclusion

As set forth herein, the Motion to Dismiss is granted in part and denied in part. Where the Court has dismissed without prejudice, plaintiff may replead within twenty days.

**IT IS SO ORDERED.**

| | 0 | : | 01 |
|---|---|---|---|
| Initials of Preparer | kjt | | |